UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carmen Luyando, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAY-O-MATIC CHECK CASHING CORP., THE PAY-O-MATIC CORP., and JOHN and JANE DOES 1-100,<br><br>Defendants. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs Carmen Luyando ("Plaintiff" or "Ms. Luyando"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendants Pay-O-Matic Check Cashing Corp. and The Pay-O-Matic Corp. (the "Company" or "Pay-O-Matic") and John and Jane Does 1-100 ("DOES") (collectively, "Defendants"), allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1. Plaintiffs, current and/or former non-exempt employees employed by Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Defendants for violations of: (1 & 2) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (3 & 4) the minimum wage and overtime requirements under New York Labor Laws ("Labor Law" or "NYLL"), §§ 650 *et seq.*, §§ 663, *et seq.*, (5 & 6) the wage statement and notice requirements of

1

NYLL §§ 195(1) and 195(3); and any other claim(s) that can be fairly inferred from the facts set forth herein.

2. Plaintiffs seek to represent a collective made up of all persons who are or have been employed by Defendants as non-exempt employees, including, but no limited to, Tellers, Assistant Managers, and other similar non-exempt jobs, in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

3. Plaintiffs seek to represent a class made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

6. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

7. Plaintiff Carmen Luyando resides in Bronx County, New York. Carmen Luyando was employed by Defendants from on or around June 6, 2006 until on or around July 20, 2018. At all relevant times, Plaintiff Carmen Luyando was a "non-exempt employee" within the meaning of the FLSA and NYLL.

8. Defendant Pay-O-Matic Check Cashing Corporation is a Domestic Business Corporation and existing under the laws of the State of New York and lists its principal corporate office and address for service of process as 160 Oak Drive, Syosset, New York 11791.  At all relevant times, Defendant Pay-O-Matic Check Cashing Corporation is and was an "employer" within the meaning of the FLSA and NYLL.

9. Defendant The Pay-O-Matic Corporation is a Domestic Business Corporation and existing under the laws of the State of New York and lists its principal corporate office and address for service of process as 160 Oak Drive, Syosset, New York 11791.  At all relevant times, Defendant Pay-O-Matic Check Cashing Corporation is and was an "employer" within the meaning of the FLSA and NYLL.

10. John and Jane Does 1-100 are the individuals who are and/or were in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiffs.  Upon information and belief, at regular times each year, John and Jane Does physically visited the Company's work locations to evaluate the work of, determine compensation awards and adjustments for, and terminate the employment of employees such as Plaintiffs.  Upon information and belief, at all relevant times, John and Jane Does are "employers" within the meaning of the FLSA and NYLL.  As soon as the John and Jane Does true identities are learned, Plaintiffs will seek to add them as individual Defendants in their personal and corporate capacities through the appropriate motion in compliance with all local rules.

11. Defendant Pay-O-Matic and The Pay-O-Matic Corporation are in fact operated as a single integrated enterprise as defined and/or as relevant for the purposes of this action and under the FLSA, NYLL and all other applicable local, state and federal laws.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

> **FLSA Collective:** All persons who are or have been employed by Defendants as non-exempt employees, including, but no limited to, Tellers, Assistant Managers, and other similarly situated non-exempt jobs, at any location operated by Defendants in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

13. Defendants employed Plaintiffs and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action and classified Plaintiffs as non-exempt from the minimum wage and overtime requirements of the FLSA.

14. Defendants each meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much the FLSA Collective Action members are paid, maintain all-time records for the FLSA Collective Action members, assign and supervise all of the tasks given to the FLSA Collective Action members, and maintain and exercise control as to how the FLSA Collective Action members are to perform their tasks.

15. Each of the FLSA Collective Action members are or were non-exempt employees entitled to minimum wage for all hours worked up to 40 hours per workweek and overtime compensation for all hours worked in excess of 40 hours per workweek.

16. Defendants failed to pay the Collective Action members minimum wage for all hours worked up to 40 hours per workweek and all overtime premiums for all hours worked in excess of 40 hours per workweek.

17. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Plaintiff and the Collective Action members.

18.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

19.     There are, upon information and belief, more than 40 similarly situated current and former employees of Defendants who were subject to the Defendants' policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

20.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

21.     At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, did not pay Plaintiffs or the New York Class minimum wage for every hour worked up to 40 hours in a given workweek or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek and failed to furnish correct and accurate wage notices and wage statements required by the NYLL.

22.     The facts as alleged in the foregoing Paragraphs with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

23.     Upon information and belief, Defendants failed to make, keep, and/or preserve accurate records with respect to Plaintiff and the New York Class and failed to furnish to

Plaintiffs and the New York Class accurate and compliant wage notices and statements of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

24. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

25. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to the same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL, failed to provide statutorily sufficient and accurate wage notices and pay statements, and failed to make, keep and/or preserve accurate records with respect to New York Class.

26. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL collective and class action litigation.

28. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

    c.  Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    d.  Whether Defendants failed to provide the New York Class with accurate wage notices in violation of NYLL;

    e.  Whether Defendants failed to provide the New York Class with accurate wage statements in violation of NYLL;

    f.  Whether Defendants employed Plaintiffs and the New York Class within the meaning of FLSA and NYLL;

    g.  Whether Defendants should be enjoined from continuing the practices that violate the FLSA and NYLL;

    h.  What the proper measure of damages sustained by the FLSA Collective and New York Class are; and

    i.  Whether Defendants' actions were "willful."

  29.  The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and/or Fed. R. Civ. P. 23(b)(3) because prosecution of actions by or against individual members of the New York Class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests, and common questions of law and fact to the New York Class predominate over any questions affecting only individual Class members and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

30. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

31. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

**Plaintiff Carmen Luyando**

32. As outlined above, Defendants employed Plaintiff Carmen Luyando as a Teller and as an Assistant Manager from approximately June 6, 2006 until approximately July 20, 2018.

33. As a Teller and Assistant Manager, Plaintiff Carmen Luyando and other members of the proposed collective and class were primarily responsible for opening the stores, cashing checks, processing client transactions, addressing client concerns, mopping floors, sweeping the store fronts and closing stores.

34. At all times during employment, Defendants classified Plaintiff Carmen Luyando as a non-exempt employee entitled to the protections of the FLSA and NYLL.

35. Defendants compensated Plaintiff Carmen Luyando on an hourly basis.

36. Defendants paid Plaintiff Carmen Luyando $13.00 per hour for each hour worked.

37. Defendants knowingly maintained corporate practices and policies that purposefully required Plaintiff Carmen Luyando and all other similarly situated individuals to work uncompensated hours not counted toward their weekly total of hours worked for the purposes of calculating overtime pay as required by the NYLL and FLSA.

38. As a result of their knowing and willful conduct, Defendants failed to pay Plaintiff Carmen Luyando for every hour worked and failed to pay her overtime premium pay for every overtime hour worked.

39. By way of example, Defendants maintained a policy that Plaintiffs must arrive at work at certain times based upon a mandatory work schedule set by Defendants. Regularly, and with full knowledge of Defendants and as part of their intentional corporate practices and policies, Plaintiffs arrived at their worksite prior to their worksite's "punch-clock," being accessible.

40. As a result of Defendants' intentional corporate practices and policies, Plaintiffs arrived at work and were under the control of Defendants but were denied access to their "punch-clocks," sometimes for as long as 45 minutes at a time, and were unable to "punch-in," so that their time worked was accurately recorded for the purposes of receiving compensation for the hours in which they were mandated to be at their places of work and entirely within the control of Defendants.

41. Plaintiffs, upon gaining access to their "punch-clocks," were uniformly denied the right to perfect their hours by starting their daily "clock," at the time at which they actually arrived at their worksite but rather were only permitted to "punch-in," at the time in which they actually were granted access to the applicable "punch-clock," by Defendants.

42. As a result of these uniform corporate policies and practices, Defendants required Plaintiff Carmen Luyando to work in excess of 40 hours per week without pay for every hour worked and without overtime pay for overtime hours worked.

43. By way of example, during the relevant period of time, Plaintiff Carmen Luyando was asked to work in excess of 40 hours per week, based on the following example work week schedule:

    i. Monday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

    ii. Tuesday, from 7:00 a.m. to 4:00 p.m. or later (i.e., 9 or more hours);

    iii. Wednesday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

    iv. Thursday, from 7:00 a.m. to 4:00 p.m. or later (i.e., 9 or more hours);

    v. Friday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

    vi. Saturday, N/A – Day Off; and

    vii. Sunday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours).

44. Plaintiff Carmen Luyando, like all of the other Plaintiffs, was not paid for every hour worked and not paid the correct overtime compensation for every overtime hour worked during the above example week.

45. At all times Defendants conduct was knowing, voluntary and willful.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Minimum Wage)**

46. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

47. As outlined above, during the relevant time period, Defendants practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff Carmen Luyando

and the members of the FLSA Collective Action by, among other things, failing to pay them the applicable minimum wage for all hours worked.

48. Accordingly, Plaintiff Carmen Luyando and the members of the FLSA Collective Action are entitled to the difference between the wages paid (if any) by Defendants and the FLSA minimum wage, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

50. Plaintiff Carmen Luyando and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation)**

51. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

52. During the relevant time period, Plaintiff Carmen Luyando and the members of the FLSA Collective worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

53. Despite the hours worked by Plaintiff Carmen Luyando and the members of the FLSA Collective, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective appropriate overtime compensation.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

55. Accordingly, Plaintiff Carmen Luyando and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

56. Plaintiffs and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (NYLL & N.Y.C.R.R.: Unpaid Minimum Wage)

57. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

58. As outlined above, Defendants' pay practices failed to pay Plaintiff Carmen Luyando and the members of the New York Class the applicable minimum wage for every hour worked as required by the NYLL and the N.Y.C.R.R.

59. Accordingly, Plaintiff Carmen Luyando and the members of the New York Class are entitled to the difference between the applicable minimum wage and the wages (if any) paid by Defendants, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and N.Y.C.R.R.

60. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

61. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL and N.Y.C.R.R.

## FOURTH CAUSE OF ACTION
### (NYLL & N.Y.C.R.R.: Failure to Pay Overtime Compensation)

62. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

63. During the relevant time period, Plaintiffs and the members of the New York Class regularly worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid all appropriate overtime compensation.

64. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL and N.Y.C.R.R., failed and/or refused to pay them appropriate overtime compensation.

65. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to the unpaid overtime compensation, applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

66. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Notices)

67. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

68. During the relevant time period, Defendants failed to furnish Plaintiff Carmen Luyando and the members of the New York Class with accurate wage notices that specifically enumerated certain criteria, as required by NYLL § 195(1).

69. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Carmen Luyando and the members of the New York Class for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred which may be $50 per day per violation up to a maximum of $5,000 per class member.

70. In addition to statutory penalties, Plaintiff Carmen Luyando and the members of the New York Class and the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements)**

71. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

72. During the relevant time period, Defendants failed to furnish Plaintiff Carmen Luyando and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

73. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Carmen Luyando and the members of the New York Class for the applicable statutory penalty and/or liquidated damages which may be $250 per violation up to a maximum of $5,000 per class member.

74. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective and the New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA, New York Labor Law and N.Y.C.R.R.;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

E. An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

F. An award to Plaintiffs of the amount of unpaid wages and unpaid premium pay, including interest thereon, and penalties;

G. An award to Named Plaintiffs of all applicable statutory damages and/or liquidated damages to which they are entitled;

  H. An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

  I. An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and all other costs reasonably incurred;

  J. An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

  K. Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: November 28, 2018

  New York, New York    Respectfully submitted,

              THE OTTINGER FIRM, P.C.

            By: _____/s/_____
              Benjamin D. Weisenberg, Esq.
              401 Park Avenue South
              New York, New York 10016
              Telephone: (212) 571-2000
              Fax: (212) 571-0505
              benjamin@ottingerlaw.com

              *COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASSES*